NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0254n.06

No. 23-5779

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 10, 2024
KELLY L. STEPHENS, Clerk

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| GREGORY FLEENOR, | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

OPINION

Before: SILER, MOORE, and KETHLEDGE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge**. Gregory Fleenor pleaded guilty to one count of conspiracy to distribute 50 grams or more of actual methamphetamine and one count of conspiracy to distribute 40 grams or more of fentanyl, both in violation of 21 U.S.C. § 846. At sentencing, Fleenor objected to the application of a four-level enhancement under U.S.S.G. § 3B1.1(a) based on his role in the offense. The district court overruled the objection, applied the enhancement, and sentenced Fleenor to 300 months' imprisonment. Fleenor now appeals the district court's application of the § 3B1.1(a) enhancement. For the reasons explained below, we **AFFIRM** the district court.

## I. BACKGROUND

In April 2021, a joint task force was investigating a drug-trafficking operation that was organized by inmates in the Tennessee Department of Corrections. R. 201 (Plea Hr'g Tr. at 13–14) (Page ID #514–15). Intercepted phone calls revealed that Fleenor was one of the Tennessee

inmates coordinating drug transactions with a contraband cell phone. *Id.* at 14 (Page ID #515). Thereafter, Fleenor was indicted on one count of conspiracy to distribute 50 grams or more of actual methamphetamine and one count of conspiracy to distribute 40 grams or more of fentanyl, both in violation of 21 U.S.C. § 846. R. 3 (Indictment at 1–3) (Page ID #4–6). Fleenor pleaded guilty to both counts. R. 201 (Plea Hr'g Tr. at 17) (Page ID #518).

In advance of sentencing, Fleenor objected to the presentence investigation report adding a four-level enhancement under U.S.S.G. § 3B1.1(a) based on his role as an organizer or leader of a drug-trafficking conspiracy that involved five or more participants. *See* R. 170 (Def. Am. Obj. at 3–4) (Page ID #375–76). In response, the government offered testimony from Selmer Police Officer Rodney Weaver during sentencing. R. 212 (Sent'g Hr'g Tr. at 8) (Weaver) (Page ID #557). Officer Weaver testified that around June 2020, Charles Elsie put Fleenor in charge of their criminal organization's drug-trafficking operation. *Id.* at 10–11 (Page ID #559–60). Both Elsie and Fleenor were incarcerated at this time. *Id.* at 14 (Page ID #563). After June 2020, law-enforcement officers made several controlled purchases that were traced back to Fleenor through James Payne. *Id.* at 10–13, 19–20 (Page ID #559–62, 568–69). Payne told the police that he was supplied drugs by Fleenor and, in turn, supplied those drugs to at least two other people. *Id.* at 11–13 (Page ID #560–62). Payne also told officers that he would pick up the drugs from Fleenor's significant other (called his "old lady" in the transcript), who was not incarcerated at this time. *Id.* at 16 (Page ID #565). Intercepted phone calls corroborated that Fleenor and Payne engaged in drug transactions. *Id.* at 17 (Page ID #566); *see also* R. 233-1 (Sent'g Ex. 1 at 1–2) (Page ID #685–86).

Fleenor maintained his objection after Officer Weaver's testimony. R. 212 (Sent'g Hr'g Tr. at 48) (Page ID #597). The district judge overruled the objection and applied the four-level enhancement. *Id.* Fleenor's total offense level was 39 and his criminal history category was IV, which resulted in a sentencing guidelines range of 360 months to life imprisonment. *Id.* at 49 (Page ID #598). The court sentenced Fleenor to 300 months' imprisonment to be followed by five years of supervised release. *Id.* at 64 (Page ID #613). Fleenor filed a timely notice of appeal. R. 178 (Notice of Appeal at 1) (Page ID #437).

## II. ANALYSIS

Fleenor challenges only the district court's application of U.S.S.G. § 3B1.1(a). Although typically the district "court's legal conclusions—including its interpretation of the Guidelines—are reviewed de novo, and its factual findings are reviewed under the clear-error standard," *United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022), we "review . . . the legal conclusion that a person is an organizer or leader under Section 3B1.1 . . . deferential[ly]" in light of the fact-bound nature of the inquiry, *United States v. Washington*, 715 F.3d 975, 982–83 (6th Cir. 2013). "Under the clear-error standard, we abide by the court's findings of fact unless the record leaves us with the definite and firm conviction that a mistake has been committed." *United States v. Sexton*, 894 F.3d 787, 794 (6th Cir. 2018) (quoting *United States v. House*, 872 F.3d 748, 751 (6th Cir. 2017)).

Under § 3B1.1(a), a defendant's offense level is increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1 cmt. n.2. The enhancement does not apply, however, "where the defendant has 'merely

3

exercised control over the property, assets or activities of the enterprise.'" *Sexton*, 894 F.3d at 795

(quoting *United States v. Swanberg*, 370 F.3d 622, 629 (6th Cir. 2004)).  Courts consider several

factors when determining whether the enhancement applies:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Id.* at 794 (quoting U.S.S.G. § 3B1.1 cmt. n.4).  But "[a] district court need not find each factor in

order to warrant an enhancement."  *United States v. Castilla-Lugo*, 699 F.3d 454, 460 (6th Cir.

2012).  Fleenor contends that there was insufficient evidence to support the district court's

conclusion that he had an organizer or leadership role.  D. 26 (Appellant Br. at 10–14).  We

disagree.

As an initial matter, there was sufficient evidence to conclude that drug-trafficking

operation involved five or more people because Officer Weaver testified to the involvement of

James Payne, Charles Elsie, Fleenor's significant other, Rebecca Lustre, Brian Kennon, Josh

Anderson, and Conley Fair.  *See* R. 212 (Sent'g Hr'g Tr. at 10–13, 16, 28–29) (Weaver) (Page ID

#559–62, 565, 577–78); *see also* R. 233-1 (Sent'g Ex. 1 at 1–2) (Page ID #685–86) (transcript of

call between Fleenor, Payne, Anderson, and Fair).  Moreover, the Indictment charged—and

Fleenor pleaded guilty to—a conspiracy that involved Fleenor and four additional codefendants.

*See* R. 3 (Indictment at 1–2) (Page ID #4–5) (naming Michael Bailey, Rebecca Lustre, Rose Rhear,

and Timothy Miller as coconspirators); R. 201 (Plea Hr'g Tr. at 17) (Page ID #518).

Additionally, the record reflects that Fleenor was supervising at least Payne's drug

distribution, that Fleenor was the leader of the drug-trafficking aspect of the criminal organization,

and that Fleenor exercised decision-making authority. Officer Weaver testified that in June 2020 Fleenor was put in charge of the criminal organization's drug-trafficking operation while he was incarcerated. R. 212 (Sent'g Hr'g Tr. at 10–11, 14) (Weaver) (Page ID #559–60, 563). Fleenor was Payne's supplier, Payne in turn supplied two other people, and Payne would pick up drugs from Fleenor's significant other. *Id.* at 10–16 (Page ID #559–65). The transcript of a recorded phone call, which was admitted into evidence at sentencing, *see id.* at 29 (Page ID #578) (admitting Exhibit 1), corroborated much of Officer Weaver's testimony. *See* R. 233-1 (Sent'g Ex. 1 at 1–2) (Page ID #685–86). In this call, Fleenor was speaking to Payne, Anderson, and Fair. *Id.* at 1 (Page ID #686). Fleenor explains that people "out on the street" were "going a stray [sic]" and that there would be "a pretty hefty fine and consequences" if that continued. *Id.* Fleenor also tells the others that his "plug" has "some brown" that he will get "directed to" the others. *Id.* They then discuss setting a price at "50 a cap." *Id.*

Taken together, the record was sufficient to find that Fleenor exercised control over Payne and potentially others, exercised decision-making and planning authority, and participated at a high-level of the organization. Therefore, the district court did not err by applying the organizer-or-leader enhancement. *See United States v. Wells*, 55 F.4th 1086, 1093 (6th Cir. 2022) (affirming the district court's application of § 3B1.1(a) to a defendant who, although incarcerated during the conspiracy, "exercised decision-making authority over at least three of his coconspirators; recruited others through the use of runners and mules; had a financial incentive" in the success of the operation; "and participated in the planning and organizing of the conspiracy"); *United States v. Moncivais*, 492 F.3d 652, 660–61 (6th Cir. 2007) (finding the district court did not err by

applying the § 3B1.1(a) enhancement because the defendant supplied a participant with drugs, gave another participant orders, and had a stake in the profitability of the drug organization).

Fleenor's reliance on *United States v. Walker*, 160 F.3d 1078 (6th Cir. 1998), is misplaced. *See* D. 26 (Appellant Br. at 13). In *Walker* the record was devoid of any evidence that the defendant was in a leadership role "either administratively (by setting up deals or keeping track of people's salaries, as it were), or by actually directing the action." 160 F.3d at 1091–92. As discussed above, the record in this case includes evidence that was lacking in *Walker*. Accordingly, the district court properly applied the four-level enhancement.

### III. CONCLUSION

We therefore **AFFIRM** the judgment of the district court.